**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

TM:EAG

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 24, 2010

<u>By Hand Delivery and ECF</u>

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:  United States v. Ledrell Hart
                 <u>Criminal Docket No. 03-0537 (RJD)</u>

Dear Judge Dearie:

        The government respectfully submits this letter in
response to the September 15, 2010 letter of defendant Ledrell
Hart, in which he argues that the Fair Sentencing Act of 2010
("Fair Sentencing Act") applies retroactively.  <u>See</u> Letter of
Harry Batchelder, Esq., dated September 15, 2010 (Docket No. 302)
("Batchelder Ltr.").  For the following reasons, the five-year
statutory minimum sentence that applies to Hart is unchanged by
the passage of the Fair Sentencing Act of 2010.

                        <u>DISCUSSION</u>

        Prior to August 3, 2010, defendants convicted of
distributing over five grams of crack cocaine were subject to a
five-year mandatory minimum term of imprisonment and those
convicted of distributing over fifty grams were subject to ten-
year mandatory minimum terms of imprisonment.  However, effective
August 3, 2010, the levels triggering the five-year and ten-year
mandatory minimums were raised to 28 and 280 grams of crack
cocaine, respectively.  <u>See</u> Fair Sentencing Act of 2010, Pub. L.
No. 111-220 (July 28, 2010).  At issue is whether the defendant,
whose conduct occurred prior to August 3, 2010, is subject to the
pre-August 3, 2010 mandatory minimums.

        The general rule, as developed at common law, requires
a court "to apply the law in effect at the time it renders its
decision, unless doing so would result in manifest injustice or
there is statutory direction or legislative history to the
contrary."  <u>Bradley v. School Bd. of Richmond</u>, 416 U.S. 696, 711
(1974).  However, to prevent the repeal of a criminal statute

from abating criminal prosecutions that had been initiated but had not reached final disposition, Congress passed a general saving statute, see <u>Warden, Lewisburg Penitentiary v. Marrero</u>, 417 U.S. 653, 660 (1974), which provides, in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109.

In <u>United States v. Klump</u>, 536 F.3d 113 (2d Cir. 2008), the Second Circuit considered a similar issue in the context of a firearms statute. In that case, the defendant challenged the district court's imposition of a ten-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(c)(1)(B)(i) because that statute had expired before the defendant was sentenced. The defendant maintained that the district court should have imposed the five-year mandatory minimum sentence mandated by the version of the statute in effect at the time he was sentenced. <u>See</u> <u>id.</u> at 120-21. The Second Circuit disagreed:

> The older version of § 924(c)(1)(B)(i) applies to Klump even though it had expired before he was sentenced. Pursuant to 1 U.S.C. § 109, "[t]he expiration of a ... statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the ... statute shall so expressly provide." Section 924(c)(1)(B)(i) contains no provision expressly prohibiting its application to defendants, like Klump, who were convicted of possessing a semiautomatic assault weapon before the statute expired. Thus, the district court properly sentenced him to the ten-year mandatory minimum sentence called for by the statute.

<u>Id.</u> at 120-21.

Similarly, in United States v. Bradley, 410 U.S. 605 (1973), the Supreme Court held that defendants who committed narcotic offenses prior to the effective date of the Comprehensive Drug Abuse Prevention and Control Act of 1970 were to be punished according to the law in force at time of the offense, notwithstanding that sentencing occurred after the effective date of the Act.  See id. at 607-11 (relying on savings clause in Act).  In a concurring opinion, Justices Brennan and White noted that even if there was a question whether the Act's specific savings clause applied, 1 U.S.C. § 109 "clearly madat[ed]" that such defendants be punished by the law in force at the time of the offense.  Id. at 612.

As Klump and Bradley demonstrate, "penalties accruing while a statute was in force may be prosecuted after its repeal, unless there is an express provision to the contrary in the repealing statute."  United States v. Jackson, 468 F.2d 1388, 1390 (8th Cir. 1972) (citations omitted).  There is no such express provision in the Fair Sentencing Act.  See Pub. L. No. 111-220 (July 28, 2010).  Therefore, a plain reading of the savings clause requires the Court to sentence the defendant pursuant to the law that was in effect at the time the defendant committed the crime.  As a result, Hart faces a five-year mandatory minimum sentence.

Hart argues that the Fair Sentencing Act did not "release or extinguish any penalty," but rather "redefined the offenders who qualify as 'serious' and 'major' traffickers because those offenders are the ones against whom the minimum mandatory sentences were aimed."  Def.'s Ltr. at 6-8.  In support of his position, Hart cites the Eleven Circuit's decision in United States v. Kolter, 849 F.2d 541 (11th Cir. 1988), where the Circuit Court held:

> [E]ven if § 921(a)(20) [the statute of which
> the defendant was convicted] had repealed a
> statute, § 109 would not apply as the
> redefinition of "convicted felon" did not
> "release or extinguish any penalty,
> forfeiture, or liability."  "Penalty,
> forfeiture, or liability" is synonymous with
> punishment.  United States v. Breier, 813
> F.2d 212, 216 (9th Cir. 1987) (Noonan, J.,
> concurring), cert. denied, 485 U.S. 960, 108
> S.Ct. 1222, 99 L.Ed.2d 423 (1988); United
> States v. Blue Sea Line, 553 F.2d 445, 448
> (5th Cir. 1977).  The redefinition of
> "convicted felon" did not affect the

4

> punishment provided but merely altered the
> class of persons for whom the specified
> conduct is prohibited.

Kolter, 849 F.2d at 544.  But see Martin v. United States, 989
F.2d 271, 276 (8th Cir. 1993) (disagreeing with Kolter).  Unlike
the statute at issue in Kolter, the Fair Sentencing Act does not
alter the class of persons for whom the specified conduct is
prohibited.  Rather, the distribution of crack cocaine is
prohibited – no matter whether the offense involves one gram,
five grams or 50 grams of crack cocaine; the Fair Sentencing Act
simply alters the punishment afforded according to the amount of
crack cocaine involved in the offense.  Accordingly, Kolter is
inapposite.

Nor is there any merit to Hart's argument that the Fair
Sentencing Act amounts to a procedural change rather than a
change in the sentencing statute itself.  Def.'s Ltr. at 8-11.
"A rule is substantive rather than procedural if it alters the
range of conduct or the class of persons that the law punishes."
Schriro v. Summerlin, 542 U.S. 348, 353 (2004).[1]  The Fair
Sentencing Act altered the range of conduct the law punishes.
Prior to the effective date of the statute, a conviction for
distributing 5 grams of crack cocaine carried a five-year
mandatory minimum penalty; after the effective date of the
statute it did not.  This was not a change in procedure, but a
change in the penalties applicable in crack cocaine cases.

---

[1]  Schriro addressed whether a jury, rather than a judge
sitting alone, should make findings in a death penalty case
concerning aggravating factors.  This is clearly procedural in
nature.  The present case is more akin to Klump and Bradley as
described above.

5

<u>CONCLUSION</u>

For the foregoing reasons, the five-year statutory minimum sentence that applies to Hart is unchanged by the passage of the Fair Sentencing Act.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
Elizabeth A. Geddes
Assistant United States Attorney
(718) 254-6430

CC:  Harry C. Batchelder, Jr., Esq. (By ECF)
     Michael H. Gold, Esq. (By ECF)